UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>   Plaintiff,<br><br> v.<br><br>S. GATES, et al.,<br><br>   Defendants. | Case No. 22-cv-03451-JST<br><br>**ORDER TO SHOW CAUSE WHY LEAVE TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED**<br><br>Re: ECF No. 2 |

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. He has requested leave to proceed *in forma pauperis*. ECF No. 2. For the reasons set forth below, the Court orders Plaintiff to show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915(g).

**DISCUSSION**

Plaintiff is a frequent litigant. Plaintiff has filed at least ten civil rights cases in this district, *see, e.g.*, *Kelly v. Warden of Salinas Valley State Prison*, C No. 22-cv-02647-JST; *Kelly v. Quintero et al.*, C No. 21-cv-5127 JST; *Kelly v. Salinas Valley State Prison, et al.*, C No. 21-cv-04498; *Kelly v. Paredes et al*, C No. 20-cv-08987 SI; *Kelly v. Sullivan, et al.*, C No. 19-cv-3138 SI; *Kelly v. Wood, et al.*, C No. 19-cv-3086 SI; *Kelly v. Sullivan, et al.*, C No. 19-cv-3084 SI; *Kelly v. Sullivan, et al.*, C No. 19-cv-0125 SI; *Kelly v. Warden, et al.*, C No. 19-cv-0046; *Kelly v. Sullivan, et al.*, C No. 19-cv-0045; *Kelly v. Sullivan, et al.*, C No. 18-cv-6386; and *Kelly v. Sullivan*, C No. 18-cv-6351 EMC. He has also filed a number of cases in the Eastern District of California. In C Nos. 20-cv-08987, 19-cv-3138 SI, 19-cv-3084 SI, 19-cv-0125 SI, 19-cv-0046 SI, 19-cv-0045 SI, Plaintiff was denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §

1915(g).

**A.    28 U.S.C. § 1915(g)**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). For purposes of a dismissal that may be counted under Section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for Section 1915(g) purposes. The mere fact that Plaintiff has filed many cases in the federal courts does not warrant dismissal under Section 1915(g). *See id.* Rather, dismissal of an action under Section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar *in forma pauperis* status for him. *Id.* at 1120. *Andrews* implicitly allows the Court to *sua sponte* raise the Section 1915(g) issue, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action *in forma pauperis* under Section 1915(g). However, the prisoner may still

2

1  pursue his claims if he pays the full filing fee at the outset of the action.

2  **B.   Complaint**

3       Plaintiff commenced this action by mailing the complaint to the Court on or about June 5, 2022. ECF No. 1-2. He has named as defendants "Chief of Health Grievances" S. Gates, reviewing authority S. Sawyer, M. Villanueva, R.N. healthcare compliance analyst T. Mendez, custody appeals representative C. Martella, healthcare grievance representative E. Delgado, ADA coordinator R. Mojica, and Dr. P. Lam. ECF No. 1 at 2.

     The complaint makes the following allegations. On November 23, 2021, Plaintiff was awakened by chest pains, accompanied by dizziness and nausea. When his nitro-state pills did not relieve the chest pain, he yelled, "Man down." RN Guillen and other nurses arrived at his cell. Plaintiff describes the following mistreatment by RN Guillen. RN Guillen refused Plaintiff's request to be seen by a doctor and instead escorted Plaintiff to D1 Clinic on D1 Facility. RN Guillen hit Plaintiff three times on the back of his neck on the way to the clinic. RN Guillen referred to him as an asshole to custody officer B. Powell. RN Guillen denied him toilet paper. ECF No. 1 at 2-7.

     Plaintiff left D1 Clinic because of RN Guillen's treatment and upon his return to his cell, went mand down and was sent to CTC and then to Natividad Hospital. Upon his return to CTF, Plaintiff filed an Form 1824, request for reasonable accommodation, requesting safety from RN Guillen and officer Powell. This request was denied by defendants Mojica, Lam, Delgado, Martella, and Mendez. RN Guillen was then assigned to Plaintiff's mental health group which he is required to attend. Plaintiff filed a grievance regarding RN Guillen's presence in his mental health group which was denied by defendants Sawyer and Gates. ECF No. 1 at 2-7.

**C.   Analysis**

     A review of the dismissal orders in Plaintiff's prior prisoner actions reveals that he has had at least three such cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The qualifying cases include: (1) *Kelly v. Sao*, E. D. Cal. No. 18-cv-484 DAD (dismissed for failure to state a claim); (2) *Kelly v. Elit*, E. D. Cal. No. 18-cv-019 DAD (dismissed for failure to state a claim); and (3) *Kelly v. Gyorky*, E. D. Cal.

3

No. 11-cv-2142 WBS (dismissed for failure to state a claim and failure to prosecute when plaintiff did not file amended complaint curing deficiencies identified in initial complaint).

The complaint does not allege that Plaintiff is in imminent danger of serious physical injury. Although Plaintiff claims that he fears further assault by RN Guillen, there is no indication that RN Guillen is likely to cause Plaintiff serious physical injury. Being hit three times in the neck did not cause Plaintiff serious physical injury. Plaintiff's Natividad Hospital medical records upon admittance on November 23, 2021 indicate no injury to his neck. ECF No. 1 at 25. And, RN Guillen has not assaulted or otherwise Plaintiff since the November 23, 2021 incident, seven months ago.

In light of the dismissals of three prior actions on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, and because it does not appear that Plaintiff was under imminent danger of serious physical injury when he filed this action, Plaintiff is ORDERED TO SHOW CAUSE in writing within **twenty-eight days** of this order, why his *in forma pauperis* application should not be denied. In the alternative, he may pay the full filing fee of $402.00 by the deadline.

## CONCLUSION

Accordingly, within **twenty-eight (28) days** of the date of this order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. In the alternative, he may pay the $402.00 filing fee in full. Failure to respond in accordance with this order may result in dismissal of this action without further notice to Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated: June 13, 2022

                                                                                    JON S. TIGAR
                                                                                   United States District Judge